NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDVIN ANDRADE-RAMIREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 18-70615

Agency No. A070-125-318

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before: SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Edvin Andrade-Ramirez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). Our

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Andrade-Ramirez failed to establish he was or would be persecuted on account of his membership in the proposed particular social group of "a member of his family who has been targeted by sicarios on account of this membership." *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). To the extent Andrade-Ramirez raises particular social groups in his opening brief that differ from the group considered by the agency, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Because Andrade-Ramirez does not challenge the agency's determinations that he failed to establish persecution on account of his status as an indigenous Guatemalan, his nationality, or his religion, we do not address them.

*See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Thus, Andrade-Ramirez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Andrade-Ramirez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Andrade-Ramirez's contentions that the agency failed to consider appropriate factors and evidence in its CAT analysis fail. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

18-70615